UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA STYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| CARPENTER CO., INC. d/b/a | ) |
| CARPENTER REALTORS, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      Plaintiff, Melinda Styer ("Styer"), brings this action against Defendant, Carpenter Co., Inc. d/b/a Carpenter Realtors ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); and the Age Discrimination in Employment Act ("ADEA").

## **PARTIES**

2.      Styer has resided within the Southern District of Indiana at all relevant times.

3.      Defendant is a company operating within the Southern District of Indiana.

## **JURISDICTION AND VENUE**

4.       Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988;  29 U.S.C. § 626(c); 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5.       Styer was an "employee" within the meaning of 29 U.S.C. § 630(f); 42 U.S.C. § 12111(4); and 29 U.S.C. § 2611(3).

6.      Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b); 42 U.S.C. § 12111(5)(A); and 29 U.S.C. § 2611(4).

7.      Styer is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8.      Between June 1, 2022, and August 31, 2022, Styer was an "eligible employee" as that term is defined by the FMLA.

9.      Styer had a "serious health condition," as that term is defined by the FMLA.

10.     Between January 1, 2021, and August 31, 2022, Defendant employed 50 or more employees within a 75-mile radius of the location at which Styer worked.

11.     Styer worked 1,250 or more hours in the 12-month period preceding June 1, 2022.

12.     Styer worked 1,250 or more hours in the 12-month period preceding July 1, 2022.

13.     Styer worked 1,250 or more hours in the 12-month period preceding August 1, 2022.

14.     Styer satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued a right-to-sue notice to Styer.  She now timely files her lawsuit.

15.      Venue is proper in this Court.

## FACTUAL ALLEGATIONS

16.     Defendant hired Styer as an Administrative Assistant in or about August 1998.

17.     Styer's work performance met or exceeded Deefendant's legitimate expectations at all relevant times as evidenced by the performance raise she received in or about August 2022.

18.     Styer is over the age of 70.

19.     Deana Hawkins ("Hawkins") was the Manager of the office where Styer worked. Tom Myers ("Myers") was the Regional Manager for Styer's office.

20.     Hawkins made multiple age-biased comments to and in the presence of Styer up to and including within a week of her discharge, including, but not limited to, asking her when she was

going to retire, offering to throw a retirement party for Styer, and commenting that she thought Styer would retire when the former Office Manager had retired. The age-biased comments increased in frequency after she suffered a stroke in or about June 2022. She opposed Hawkins' unlawful comments and told her many times that she was not retiring and had no intention to retire.

21.     In or about May 2022, Styer took several days off work as bereavement leave because of her son's death.

22.     In or about June 2022, Styer suffered a stroke and was off work under doctor's care for approximately 1.5 weeks.

23.     Styer has been taking medications since in or about June 2022 because of and incidental to the stroke.

24.     Styer requested and took FMLA-qualifying leave time for approximately 1.5 weeks because of the stroke and debilitating symptoms arising therefrom.

25.     Styer's request for time off constituted a request for a reasonable accommodation.

26.     Defendant provided no notice to Styer of her FMLA rights relating to her medical leave.

27.     Defendant unilaterally reduced Styer's work days from five to three per week in or about August 2022.

28.     Defendant commenced having other substantially-younger individuals, including Hawkins' daughter, perform Styer's duties and responsibilities on her off days.

29.     Myers and Hawkins met with Styer in or about early October 2022. Myers stated to Styer that Defendant needed "younger eyes" in her position to oversee the marketing, which was one of Styer's material duties.

30.     Defendant fired Styer on or about October 10, 2022.

31.     Hawkins and Mayers provided sworn testimony during an unemployment hearing before the Indiana Department of Workforce Development that Defendant fired Styer because of attendance.

32.     Styer received no discipline prior to her discharge.

33.     Styer had no understanding that her employment was in jeopardy when Defendant fired her.

34.     Defendant took adverse employment actions against Styer because of her age, her disability, her record of a disability, its perception of her being disabled, and/or her statutorily-protected conduct (opposing the age-biased comments, asking for FMLA-qualifying leave, and taking FMLA-qualifying leave).

35.     Any reason proffered by Defendant for the adverse actions it took against Styer is pretextual.

36.     Styer has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## AGE DISCRIMINATION -- ADEA

37.     Styer hereby incorporates paragraphs 1-36 of her Complaint.

38.     Defendant fired Styer because of her age.

39.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Styer's rights as protected by the ADEA.

## COUNT II

## RETALIATION -- ADEA

40.     Styer hereby incorporates paragraphs 1-39 of her Complaint.

41.     Styer engaged in statutorily-protected conduct when she opposed Hawkins' age comments.

42.     Defendant fired Styer because of her statutorily-protected conduct.

43.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Styer's rights as protected by the ADEA.

## COUNT III

## DISABILITY DISCRIMINATION – ADA

44.     Styer hereby incorporates paragraphs 1-43 of her Complaint.

45.     Styer asked for a reasonable accommodation.

46.     Defendant initially granted and then used the requested accommodation against Styer, thereby ultimately failing to grant a reasonable accommodation to her.  Defendant did not engage in the interactive process with her and did not proffer an alternative accommodation to her.

47.     Defendant fired Styer because of her disability, her record of a disability, and/or its perception of her being disabled.

48.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Styer's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

49.     Styer hereby incorporates paragraphs 1-48 of her Complaint.

50.     Styer asked for FMLA-qualifying leave.

51.     Defendant used FMLA-qualifying absences against Styer when it fired her.

52.     Defendant fired Styer's because of her FMLA-qualifying absences.

53.     Defendant interfered with Styer's substantive FMLA rights, including, but not limited to, not advising Styer of her FMLA rights and giving her the opportunity to have her FMLA-qualifying absences covered by the FMLA.

54.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Styer's FMLA rights.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Melinda Styer, by counsel, respectfully requests that this Court find for her and order that:

1.     Defendant pay lost wages and benefits to Styer;

2.     Defendant reinstate Styer to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3.     Defendant pay compensatory and punitive damages to Styer;

4.     Defendant pay liquidated damages to Styer;

5.     Defendant pay pre- and post-judgment interest to Styer;

6.     Defendant pay Styer's attorneys' fees and costs incurred in litigating this action; and

7.     Defendant pay to Styer any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Melinda Styer

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:    (317)802-7181
Email:          bwilson@wilsonmelton.com
                   smelton@wilsonmelton.com

### **DEMAND FOR JURY TRIAL**

Plaintiff, Melinda Styer, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Melinda Styer